FILED

1   TOMIO B. NARITA (SBN 156576)
    tnarita@snllp.com
2   R. TRAVIS CAMPBELL (SBN 271580)        2013 DEC -2 PM 3:09
    tcampbell@snllp.com
3   SIMMONDS & NARITA LLP                   CLERK U.S. DISTRICT COURT
    44 Montgomery Street, Suite 3010        CENTRAL DIST. OF CALIF.
4   San Francisco, CA 94104-4816                  LOS ANGELES
    Telephone: (415) 283-1000               BY_____
5   Facsimile:  (415) 352-2625

6
    Attorneys Defendant
7   Bass & Associates, P.C.

8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11
    PRISCILLA ROJAS, and Individual,    CV13-08862-GAF(JCGx)
12                                      CASE NO.
              Plaintiff,            )
13                                 )    NOTICE OF REMOVAL
                                   )
14        vs.                      )
                                   )    BY FAX
15                                 )
    BASS & ASSOCIATES, AN          )
16  ARIZONA PROFESSIONAL           )
    CORPORATION and DOES 1-20,     )
17  inclusive                      )
                                   )
18                                 )
              Defendants.          )
19  _____)

20

21

22

23

24

25

26

27

28

1 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2 |      PLEASE TAKE NOTICE that defendant Bass & Associates, P.C.

3 | ("Defendant") hereby removes to this Court the state court action described below.

4 |      1.    On August 28, 2013, a complaint was filed against Defendant by

5 | plaintiff Priscilla Rojas ("Plaintiff"), in an action pending in the Superior Court of

6 | the State of California in and for the County of Los Angeles, entitled *Priscilla Rojas*

7 | *v. Bass & Associates, et al.*, case number BC519731. A copy of the state court

8 | Summons and Complaint ("Complaint"), the Civil Case Cover Sheet, and other

9 | documents issued by the state court that were served on Defendant are attached

10 | hereto as **Exhibit A**.

11 |      2.    In the Complaint, Plaintiff alleges that she "is a natural person residing

12 | in Los Angeles County, California." *See* Ex. A, Complaint at ¶ 16. Accordingly,

13 | Defendant is informed and believes that Plaintiff is a citizen of the state of

14 | California.

15 |      3.    Defendant is a professional corporation organized under the laws of

16 | Arizona with its principal place of business in Tucson, Arizona.

17 |      4.    Plaintiff alleges she received "numerous" telephone calls from

18 | Defendant that violated section 632 of the California Penal Code and that she is

19 | entitled to statutory damages of $5,000.00 for each alleged violation pursuant to

20 | section 637.2 of the California Penal Code. *See* Ex. A, Complaint at ¶¶ 10-11, 28-29,

21 | 39-46. Plaintiff also seeks statutory damages and actual damages, and reasonable

22 | attorneys' fees under the California Rosenthal Act, Cal. Civ. Code § 1788, *et seq.*

23 | ("Rosenthal Act"). *Id.* at ¶ 38. Plaintiff further seeks "equitable monetary relief" and

24 | "restitution or disgorg[ement]" of "any monies as may be necessary to restore to any

25 | person any money or property which may have been acquired by means of such acts

26 | of unfair competition" under section 17200 of the Business & Professions Code. *Id.*

27 | at ¶ 54. Finally, Plaintiff asserts a claim for intentional infliction of emotional

28 | distress and contends she is entitled damages for the "severe emotional distress" she

ROJAS V. BASS & ASSOCIATES, P.C. (CASE NO.           )
NOTICE OF REMOVAL

1   allegedly suffered. *Id.* at ¶ 61. The Complaint does not place any limitations on the

2   amount of damages that Plaintiff seeks to recover. Accordingly, based solely upon

3   the allegations made in the Complaint, Defendant is informed and believes that it is

4   facially apparent that the amount in controversy in this action exceeds $75,000.00.

5         5.      On November 22, 2013, Defendant requested that Plaintiff stipulate that

6   the "amount in controversy" in this action "does not exceed the sum of $75,000.00,

7   exclusive of interest and costs." A true and correct copy of the stipulation is attached

8   hereto as **Exhibit B**. To date, Plaintiff has not agreed to so stipulate. As a result,

9   Defendant is informed and believes that Plaintiff seeks an amount greater than

10  $75,000.00. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (the

11  inquiry into the amount in controversy is not confined to the face of the complaint).

12        6.      This removal petition is timely under 28 U.S.C. § 1446(b) because

13  Defendant was served with the Complaint on October 29, 2013.[1] Further, to the

14  extent it is not facially apparent from the Complaint that Plaintiff seeks greater than

15  $75,000, the petition is also timely because the Plaintiff failed to sign the proposed

16  stipulation relating to the amount in controversy. *See Harris v. Bankers Life and*

17  *Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (thirty-day time period to remove an

18  initial pleading, *see* 28 U.S.C. § 1446(b), is not triggered unless "that pleading

19  affirmatively reveals on its face the jurisdictional facts necessary for federal court

20

21  _____

22        [1] The actual deadline to remove fell on November 28, 2013, which was
    Thanksgiving and was therefore not counted because it is a "Legal Holiday." Fed. R.

23  Civ. P. 6(a)(1)(C) & 6(a)(6)(A). Further, because November 29, 2013 was the day after
    Thanksgiving, which is a California state holiday (www.sos.ca.gov/holidays.htm),

24  pursuant to Federal Rule of Civil Procedure 6(a)(6)(C), it was also a "Legal Holiday"

25  under the federal rules. Fed. R. Civ. P. 6(a)(6)(C) (a "Legal Holiday" means "for
    periods that are measured after an event, any other day declared a holiday by the state

26  where the district court is located"). Because the deadline to remove is measured after

27  the complaint becomes removable and November 28 through December 1 were either
    Legal Holidays or weekend days, the deadline to remove was extended to Monday,

28  December 2, 2013.

1  jurisdiction").  The time period to remove is only triggered "after the defendant

2  receives an amended pleading, motion, order or other paper from which it can be

3  ascertained from the face of the document that removal is proper." *Id.* 28 U.S.C. §

4  1446(b)(3).  Plaintiff received the proposed stipulation on November 22, 2013 and

5  has failed to sign it.

### JURISDICTION

7       7.    This action is a civil action of which this Court has original jurisdiction

8  under 28 U.S.C. §§1332(a)(1) and 1332(c), and that may be removed to this Court by

9  Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), because the action is

10  between citizens of different states and the matter in controversy exceeds the sum of

11  $75,000, exclusive of interest and costs.

12       8.    The Complaint was filed in the Superior Court of the State of California,

13  County of Los Angeles.  Venue in the Central District, Western Division of this

14  Court is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court

15  of the United States for the district and division embracing the place" where the state

16  court action is pending); *id.* § 84(c)(2) ("The Western Division comprises the

17  counties of Los Angeles . . .).

18       9.    Defendant is represented by the undersigned.

20  DATED: December 2, 2012        SIMMONDS & NARITA LLP

21                            TOMIO B. NARITA
R. TRAVIS CAMPBELL

By: _____
R. Travis Campbell
Attorneys for defendant
Bass & Associates, P.C.

---

# Exhibit A

Served
10/29/13

COPY

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BASS & ASSOCIATES, AN ARIZONA PROFESSIONAL
CORPORATION and DOES 1-20, inclusive. Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PRISCILLA ROJAS, an Individual, Plaintiff,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 28 2013

John A. Clarke, Executive Officer/Clerk

By LATREBE JOHNSON, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) Stanley Mosk Courthouse | (Número del Caso:) BC519781 |

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig Borison, 2029 Century Park East, Suite 1400, Los Angeles, CA 90067, (818) 256-5449

DATE: 8/28/2013          AUG 28 2013   John A. Clarke   Clerk, by   L. JOHNSON   , Deputy
(Fecha)                                (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [×] on behalf of (specify):
   BASS & ASSOCIATES, AN ARIZONA PROFESSIONAL CORPORATION
   under: [×] CCP 416.10 (corporation)            [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]  AUG 28 2013

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Craig Borison, Esq. (SBN 248387)<br>2029 Century Park East, Suite 1400<br>Los Angeles, CA 90067<br><br>TELEPHONE NO.: (818) 256-5449   FAX NO.: (818) 698-8214<br>ATTORNEY FOR (Name): Prscilla Rojas | **COPY**<br>FOR COURT USE ONLY<br>**CONFORMED COPY**<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles.<br><br>AUG 28 2013<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By LA TRESE JOHNSON, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Rojas v Bass & Associates

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 519731** |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [✓] Other petition (not specified above) (43)

**2.** This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
**4.** Number of causes of action (specify):
**5.** This case [ ] is [✓] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Craig Borison
(TYPE OR PRINT NAME)                                 ► _____
                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

BY FAX

COPY

| SHORT TITLE: ROJAS v. BASS & ASSOCIATES | CASE NUMBER BC519781 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

BC 519731

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 309 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle*** | **323** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | |

**\*Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).  This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400.  Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)                **NOTICE OF CASE ASSIGNMENT —**                      Page 1 of 2
LASC Approved  05-06
For Optional Use                                **UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ▸ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)

Date:

_____          ▸ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ▸ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ▸ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ▸ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____ )

Date:

_____          ▸ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____ )

_____          ▸ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

SHORT TITLE:

CASE NUMBER:

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. **Deadline for Court to decide on Request:** _____ (Insert date 10 calendar days following filing of the Request).
3. **Deadline for Court to hold Informal Discovery Conference:** _____ (Insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)              **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11          (pursuant to the Discovery Resolution Stipulation of the parties)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>FAX NO. (Optional):</td><td></td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# COPY

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 28 2013

John A. Clarke, Executive Officer/Clerk

By LA TRESE JOHNSON, Deputy

Craig S. Borison, State Bar No. 248387
  craig@borisonlaw.com
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Tel:   (818) 256-5449
Fax:   (818) 698-8214

Attorneys for Plaintiff, Priscilla Rojas

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| PRISCILLA ROJAS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>BASS & ASSOCIATES, AN ARIZONA PROFESSIONAL CORPORATION and DOES 1-20, inclusive.<br><br>Defendants. | Case No.  **BC519781**<br><br>**COMPLAINT**<br>**FOR VIOLATIONS OF:**<br><br>1)  Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code, §1788 et Seq.;<br><br>2)  California's Invasion of Privacy Act, Cal. Penal Code §632, et seq.;<br><br>3)  California's Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, et Seq.; and<br><br>4)  Intentional Infliction of Emotional Distress.<br><br>[UNLIMITED JURISDICTION]<br><br>*JURY TRIAL DEMANDED* |

**BY FAX**

Plaintiff, Shirley Agnew ("Plaintiff"), alleges as follows against defendant Bass & Associates, A Professional Corporation ("Defendant") and DOES 1-20, inclusive ("Defendants") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances and which allegations are likely to have evidentiary support after an opportunity for

1    further investigation and discovery, as follows:

2

3                        **GENERAL ALLEGATIONS**

4    1.      This action arises out of Defendants' violations of California's Rosenthal Fair Debt

5    Collection Practices Act, <u>California Civil Code §§1788-1788.32</u> ("CA FDCPA"), which prohibits

6    unfair and deceptive debt collection practices including the surreptitious recording and/or

7    monitoring of telephonic communications; California's Invasion of Privacy Act, <u>Cal. Penal Code</u>

8    <u>§630, et seq.</u> ("CIPA"), which prohibits the recording and/or monitoring of telephonic

     communications without two-party consent, California's Unfair Competition Law, <u>Cal. Bus. &</u>

9    <u>Prof. Code §17200, et seq.</u> ("UCL"), which prohibits the commission of unlawful, unfair and

10   fraudulent business acts and practices, and

11   2.      Plaintiff brings this action to challenge the misconduct of Defendants with regard to

12   Defendants' attempts, as part of what appears to be a pattern and practice, to unlawfully,

13   oppressively, fraudulently, and/or maliciously collect on consumer loans allegedly due

     Defendants, which caused Plaintiff actual, liquidated and statutory damages.

14
     3.      The use of Defendants' name in this Complaint includes all agents, employees, officers,

15   members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

16   representatives and insurers of each Defendant.

17   4.      California's Invasion of Privacy Act prohibits the recording and/or monitoring of

18   telephonic communications without two-party consent. Plaintiff desired the telephone

19   communications be confined to the parties participating in the conversation. Plaintiff reasonably

20   expected that the telephonic Communications would not be recorded and/or monitored. In

     response to Plaintiff's inquiry, Defendants admitted that Defendants engage in a pattern and

21   practice of recording and/or monitoring telephonic communications. In violation of the CA

22   FDCPA, Defendants harassed Plaintiff, threatened Plaintiff, contacted Plaintiff's employer and

23   coworkers and revealed information about the alleged debt, recorded and/or monitored Plaintiff's

24   telephonic communications *without* her consent. In violation of California's Invasion of Privacy

25   Act, Defendants recorded and/or monitored Plaintiff's telephonic communications *without* her

26   consent.

27   5.      The actions, omissions, misrepresentations, practices and non-disclosures of Defendants as

     alleged herein constitute unlawful, unfair and fraudulent business practices in violation of Cal.

28

                                          2

Bus. & Prof. Code §17200, et seq. Defendants need only to have violated one of these provisions to be strictly liable therefor. Defendants have specifically engaged in "unlawful" business acts and practices by violating the CA FDCPA and California's Invasion of Privacy Act.

6.     Plaintiff is informed, believes, and thereupon alleges that Defendant have utilized certain computer hardware and software technology ("Call Recording Technology") to execute a company-wide policy and practice of recording all telephone conversations with consumers.

7.     Plaintiff is further informed, believes, and thereupon alleges that Defendant installed and/or utilized Call Recording Technology on all of their consumer-facing telephone lines. Plaintiff is further informed, believes, and thereupon alleges that this Call Recording Technology enabled Defendant to record all of their telephone conversations with consumers, and allowed them to store and listen to these recordings for various purposes.

8.     Plaintiff is further informed, believes, and thereupon alleges that Defendant's employees, agents, and representatives were directed, trained, and instructed to, and did, record telephone conversations with consumers.

9.     Plaintiff is further informed, believes, and thereupon alleges that Defendant did not provide any verbal warnings or automated, pre-recorded warnings to consumers who participated in a telephone conversation with Defendant that the telephone conversation was recorded. Plaintiff is further informed, believes, and thereupon alleges that Defendant did not provide any periodically repeated, audible "beep tone" or other sound throughout the duration of a telephone conversation to warn consumers that the call was recorded.

10.     On or about August 20, 2012 through August 30, 2012, Plaintiff received numerous telephone calls from Defendant on her work telephone line and cell phone.  In particular Plaintiff received numerous calls from August 28 through August 29, 2012 (the "Period"). The subject of the calls during the Period involved an alleged debt.  Plaintiff repeatedly informed Defendant's representative that she could not receive calls at work but Defendant continued to place the calls to her at work during the Period. They also called her supervisor during the Period and attempted to cause her problems at work by revealing the nature of the calls. During the Period, Defendant called Plaintiff's grandmother and warned her that unless Plaintiff paid the alleged debt Plaintiff would lose her job. Defendant's employee, agent, or representative repeatedly made harassing and threatening calls to Plaintiff during the Period. Defendants' actions caused Plaintiff severe emotional distress. On several occasions, Plaintiff asked the employee, agent, or representative of Defendant to identify the company, and was advised that the person was calling on behalf of

Defendant BASS. On at least two occasions, Plaintiff asked whether the calls were being recorded on the calls on August 29 and August 30, 2012. The agent, employee or representative of Defendant then admitted that each call was being recorded only after Plaintiff inquired. Defendant also stated that Defendant recorded all calls. Plaintiff advised that she was not comfortable with being recorded and quickly ended those calls.

11.     Plaintiff is informed, believes, and thereupon alleges that Defendant recorded this telephone conversation. Defendant failed to verbally warn Plaintiff, at the outset of each of the telephone conversations, of Defendant's intent to record the conversation. Defendant failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or other sound to warn Plaintiff during the call that the conversation was being recorded. Because Defendant failed to warn Plaintiff at the outset of the telephone conversation that the call was being recorded, Plaintiff was deprived of the ability to either decline to participate in a recorded call or to censor the content of the conversation. Plaintiff did not provide Defendant with consent to record the telephone conversations.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts, as this action is brought pursuant to Cal. Civil Code §§1788-1788.32, Cal. Penal Code §632,et seq. and Cal. Bus. & Prof. Code §17200, et seq. to remedy Defendants' violations of law.

13.     This Court has jurisdiction over the Defendants named herein because each defendant is an entity that does sufficient business in California or an entity with sufficient minimum contacts with California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

14.     Venue is proper in this Court because one or more of the Defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that had an effect in this County.

15.     Personal jurisdiction is proper because Defendants do substantial business in the State of California.

**PARTIES**

16.     On personal knowledge, Plaintiff, Priscilla Rojas, is a natural person residing in Los Angeles County, California.

17.     On personal knowledge, Plaintiff was allegedly obligated to pay a debt, and is therefore a "debtor", as that term is defined by Cal. Civ. Code §1788.2(h) of the CA FDCPA.

18.     Defendant Bass & Associates, A Professional Corporation is, and at all material times has been, a professional corporation organized and existing under the laws of the State of Arizona, with headquarters in Tucson, Arizona. Defendant Bass is operating and conducting business and regularly conducts business throughout the Central District of California, including Los Angeles County, State of California.

19.     Defendant Bass describes itself on its website as "a nationwide, woman-owned collections and bankruptcy law firm that offers comprehensive, fully-coordinated debt recovery services to clients in the credit-granting industries." (URL: http://www.bass-associates.com/)

20.     Defendant is, and at all relevant times, not authorized to do business in the State of California.

21.     Defendants DOES 1 through 20 are persons, corporations, partnerships or other entities who have done or will do acts otherwise alleged in this complaint. Defendants DOES 1 through 20, inclusive, at all times mentioned herein, have acted and are continuing to act in concert with Defendant, and each of them has participated in the acts and transactions referred to below and each of them is responsible for said acts and transactions. The true names, roles and capacities of DOES 1 through 20, whether individual, corporate or otherwise, are unknown to Plaintiff, who therefore sues said Defendants under such fictitious names, pursuant to the provisions of Section 474 of the California Code of Civil Procedure.

22.     At all times herein mentioned each of the Defendants sued herein as a Doe Defendant was the agent or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency or employment.

23.     At all times material and relevant hereto, Defendants are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection, and are, therefore, "debt collectors," as that term is defined by Cal. Civil Code § 1788.2(c) (as incorporated by Cal. Bus. & Prof. Code §6077.5).

24.     At all times material and relevant hereto, Defendants are persons who extend consumer credit to debtors, and are, therefore, "creditors" as that term is defined by Cal. Civil Code §1788.2(i).

## FACTUAL ALLEGATIONS

25.     On personal knowledge, Plaintiff was an individual residing within the State of California in the County of Los Angeles.

26.     At all times relevant hereto, Defendants conducted business in the State of California and in the county of Los Angeles.

27.     This case involves money, property or other equivalent, alleged to be due or owing from a natural person by reason of a consumer credit transaction, and was therefore "debt(s)" as that term is defined by California Civil Code § 1788.2(d). As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

28.     As described in detail below, beginning in July of 2012 through August of 2012, Defendants persisted in a course of action in making numerous telephone calls to Plaintiff's telephone in an attempt to coerce her to make a payment.

29.     Unknown to Plaintiff at the time, whenever Plaintiff responded to these calls (which took place on multiple occasions) and spoke with Defendants' representative, Defendants were secretly recording and or monitoring these confidential telephonic communications which Plaintiff expected to be private. Some of these calls were to Plaintiff's cellphone. Finally, while speaking to the representative on one of the last of numerous calls, Plaintiff inquired whether Defendant was recording their conversation. The Defendants'' representative responded affirmatively. This recording was done without Plaintiff's consent. At no time did Plaintiff either expressly or implicitly consent to the recording or receive an advance advisory that any of the telephone calls would be recorded and/or monitored.

30.     When Defendants' constant harassment did not induce Plaintiff to make the payment due, then Defendants resorted to calling Plaintiff's co-workers and supervisor and informing each of them about the alleged owed debt.

31.     Defendants have persisted in a course of conduct against Plaintiff in a manner that violated the CA FDCPA and CIPA, including but not limited to the following: (i) causing Plaintiff's and other consumers' telephones to ring repeatedly and continuously; (ii) failing to inform Plaintiff and other consumers that Defendants were recording the telephonic communications between them;

(iii) and failing to inform Plaintiff and other consumers that Defendants were monitoring the telephonic communications between them; (iv) harassing Plaintiff; (v) threatening Plaintiff; (vi) contacting Plaintiff's grandmother, employer and coworkers and revealing information about the alleged debt.

## POLICIES AND PRACTICES COMPLAINED OF

32.     It is the admitted policy and practice of Defendants to engage in telephonic communications with residents of the State of California and to record and/or monitor these telephonic communications without advising such persons that such telephonic communications are being recorded, in violation of California Penal Code §630, et seq.

33.     It is the policy and practice of Defendants to telephone alleged debtors multiple times per day using an auto-dial system in an attempt to collect debts allegedly owed to Defendants.

## FIRST CAUSE OF ACTION
### (Violations of the California Fair Debt Collection Practices Act
Cal. Civil Code §§1788, et seq.)
### (Against all Defendants)

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Defendants violated California Civil Code §1788.11(d)-(e) by causing Plaintiff's telephones to ring repeatedly in a day to annoy the person called and by communicating by telephone or in person with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances.

36.     Defendants violated California Civil Code §1788.17 by failing to comply with the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. in the following ways:

i.      by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. §1692d(5) (which is incorporated by §1788.17 of the CA FDCPA);

ii.     by using false or misleading representation or deceptive means to collect or attempt

to collect any debt or to obtain information concerning a consumer, specifically by surreptitiously recording and/or monitoring telephonic communications in violation of 15 U.S.C. §1692e and its subdivisions (which is incorporated by §1788.17 of the CA FDCPA);

iii.    by using any unfair or unconscionable means to collect or attempt to collect any debt, specifically by surreptitiously recording and/or monitoring telephonic communications in violation of 15 U.S.C. §1692f and its subdivisions (which is incorporated by §1788.17 of the CA FDCPA).

37.    Defendants' violations of the CA FDCPA were willful.

38.    As a result of the above-described violations of the CA FDCPA, Plaintiff is therefore entitled to recover actual damages from Defendants pursuant to Cal. Civil Code § 1788.30( a), statutory damages pursuant to Cal. Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c).

## SECOND CAUSE OF ACTION

### (For Statutory Damages and Injunctive Relief Under Calif. Penal Code §637.2(a)-(b) Based on Violations of <u>Calif. Penal Code</u> §632)

### (Against All Defendants)

39.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.    At all times relevant herein, Defendants' collection personnel have routinely communicated by telephone with Plaintiff.

41.    At all times relevant herein, Defendants have made use of a software and/or telephonic system that enables them to secretly record telephone and/or monitor conversations between Defendants' representatives.

42.    Defendants' telephone communications with Plaintiff were secretly monitored and/or recorded by Defendants without any advisory that the telephonic communication could be monitored and/or recorded, and without obtaining either express or implied advance consent to record such conversations, in violation of Cal. Pen. Code §632.

43.    All collection calls that have been surreptitiously recorded by Defendants were "confidential communications" within the meaning of Cal. Pen. Code §632(c) and Cal. Pen. Code

§632.7 in that Plaintiff desired and expected the telephone communications to be confined to the parties thereto and not publicly disseminated.

44.     Without advising Plaintiff that the telephonic communications could be or were being recorded, Defendants recorded their telephone conversations with Plaintiff in violation of Cal. Pen. Code §632(a).

45.     Pursuant to Cal. Pen. Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation.

46.     Pursuant to Cal. Pen. Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain Defendants from committing further violations of §632(a) of California's Invasion of Privacy Act.

## THIRD CAUSE OF ACTION

### (Violation of the Unlawful, Unfair and Fraudulent Business Acts and Practices Act, California Business and Professions Code §17200, et seq.)
### (Against All Defendants)

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The acts, omissions, misrepresentations, practices and non-disclosures of Defendants as alleged herein constitute unlawful, unfair and fraudulent business acts and practices within the meaning of California Business & Professions Code §17200, et seq.

49.     Defendants have engaged in "unlawful" business acts and practices by violating California's Rosenthal Fair Debt Collection Practices Act, and California's Invasion of Privacy Act, as set forth in more detail above.

50.     Defendants have also engaged in a "fraudulent" business act or practice in that the representations and omissions of material fact described above have deceived Plaintiff.

51.     Defendants have also engaged in an "unfair" business act or practice in that any justification for engaging in the conduct described above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers.

52.     Defendants need only to have violated one of the provisions set forth in this cause of action to be strictly liable under this cause of action.

53.     The above-described unlawful, fraudulent or unfair business acts and practices conducted by Defendants continue to this day and present a threat to the general public in that Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide full equitable injunctive and monetary relief as required by the statute.

54.     As Plaintiff has suffered an injury in fact and a loss of money or property as a result of Defendants engaging in such acts of unfair competition, pursuant to California Business & Professions Code section 17203, Plaintiff seeks an order of this Court requiring Defendants to immediately cease such acts of unfair competition and enjoining Defendants from continuing to conduct business via the unlawful, fraudulent or unfair business acts and practices set forth in this Complaint. Plaintiff additionally requests an order from the Court requiring that Defendants provide equitable monetary relief so as to prevent Defendants from benefitting from practices that constitute acts of unfair competition or the use or employment of any monies resulting from such practices, and requiring the payment of restitution or disgorging any monies as may be necessary to restore to any person any money or property which may have been acquired by means of such acts of unfair competition. Plaintiff requests that the Court impose an asset freeze or constructive trust over such monies. Plaintiff also requests an award of attorneys' fees and costs pursuant to Cal. Code of Civil Procedure section 1021.5 and the substantial benefit and common fund doctrines.

### FOURTH CAUSE OF ACTION

#### (Intentional Infliction of Emotional Distress)

#### (Against all Defendants)

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     Because Plaintiff was a debtor, Defendants and DOES 1 through 20, and each of them, had a duty under state laws (which were designed for the protection and benefit of debtors like Plaintiff) to protect her rights. Without limiting the generality of the foregoing, Defendants had a duty to, among other things:

      a.     follow, implement and adhere to all provisions of CA FDCPA.

      b.     refrain from contacting third parties and revealing debt information about debtor

including that debtor owed money and had not paid timely.

    c.    not harass debtor with threats of harm or obscene language.

    d.    not contact debtor at work after being told to stop.

    e.    not discuss your debt with anyone other than you, your spouse, or your attorney.

    f.    contact Plaintiff at inconvenient times or places (such as early in the morning or late at night).

    g.    not record or monitor phone calls to debtor without the debtors consent.

57.    During the period when Defendants were contacting Plaintiff, Defendants, and each of them, acted in an outrageous manner designed to cause Plaintiff grief and extreme embarrassment. These breaches were intentional and in reckless disregard for the probability that severe injury would result from their failure to carefully adhere to their duties. Defendants knew or should have known that there was a probability that injury would result from the failure to adhere CA FDCPA. In particular, and without limiting the generality of the foregoing, Defendants, and each of them, intentionally (and with deliberate indifference to Plaintiff's emotional state) failed to, among other things:

    a.    follow, implement and adhere to all provisions of CA FDCPA.

    b.    refrain from contacting third parties and revealing debt information about debtor including that debtor owed money and had not paid timely.

    c.    not harass debtor with threats of harm or obscene language.

    d.    not contact debtor at work after told to stop.

    e.    not discuss your debt with anyone other than you, your spouse, or your attorney.

    f.    contact Plaintiff at inconvenient times or places (such as early in the morning or late at night).

    g.    not record or monitor phone calls to debtor without the debtors consent.

58.    The conduct of Defendants and DOES 1 through 20, and each of them, was outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it. Plaintiff was forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation.

59.    At all times herein mentioned, Defendants and each of them knew of the need for these regulations and laws and knew that emotional abuse would likely occur whenever they failed to meet such duties. Defendants knew that their routine, patterned and repeated failure to comply with such duties would probably result in injuries to its alleged debtors, and their families,

including Plaintiff. In breaching their duties to Plaintiff, Defendants, and each of them, acted intentionally in conscious disregard of Plaintiff's rights and failure to avoid the perils to their debtors, including Plaintiff, all according to their plan of collecting debts by any means including illegal means, thereby increasing the profitability of Defendants' business operation and collection activities. In doing so, Defendants breached certain other duties that require Defendants and each of them to adhere to the regulations designed to prevent exactly these kinds of abuses that result in extreme mental and emotional abuse.

60.     As a further result of Defendants' conduct, as aforesaid, Plaintiff was forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation.

61.     As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as aforesaid, Plaintiff sustained severe and serious injury, including but not limited to severe emotional distress, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants for:

### First Cause of Action California Fair Debt Collection Practices Act

1. An award of actual damages pursuant to Cal. Civil Code § 1788.30(a);

2. The maximum amount of statutory damages provided under Cal. Civil Code §1788.30(b);

3. For an award of costs of litigation and reasonable attorneys' fees pursuant to Cal. Civil Code § 1788.30(c).

### Second Cause of Action: California's Invasion of Privacy Act

4. For statutory damages in the amount of $5,000 per violation pursuant to Cal. Pen. Code §637.2(a)(1);

5. For a preliminary and permanent injunction to restrain further violations of §631 of California's Invasion of Privacy Act, pursuant to Cal. Pen. Code §637.2(b);

6. For the payment of reasonable attorneys' fees and costs of suit incurred herein

as provided for by law under, *inter alia*, California Code of Civil Procedure §1021.5 and the substantial benefit and common fund doctrines.

**Third Cause of Action:** Business and Professions Code §§17200, et seq.

7. For equitable and monetary relief as set forth in this Complaint;

8. For a preliminary and permanent injunction and declaratory relief as set forth in this Complaint;

9. For reasonable attorneys' fees and costs of suit as specified under, inter alia, California Code of Civil Procedure §1021.5 and the substantial benefit and common fund doctrines.

**Fourth Cause of Action:** Intentional Infliction of Emotional Distress

11. For a sum within the jurisdiction of this court and to be shown according to proof

**For All Causes of Action**

12. For pre- and post-judgment interest at the legal rate; and

13. For any other relief that the Court deems just and proper.

DATED: August  28, 2012        Respectfully submitted,
Craig Borison

_____
Attorney for Plaintiff,
Priscilla Rojas

2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: (818) 554-7317
Facsimile: (818) 698-8214
2029 Century Park East, Suite 1400
Los Angeles, CA 90067

**TRIAL BY JURY**

Plaintiff is entitled to and demands a trial by jury for all claims so triable.

DATED: August  28, 2012

Respectfully submitted,
Craig Borison

_____
Attorney for Plaintiff,
Priscilla Rojas

2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: (818) 554-7317
Facsimile: (818) 698-8214
2029 Century Park East, Suite 1400
Los Angeles, CA 90067

Exhibit B

TOMIO B. NARITA (SBN 156576)
R. TRAVIS CAMPBELL (SBN 271580)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
tnarita@snllp.com
tcampbell@snllp.com


Attorneys Defendant
Bass & Associates, P.C.



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

UNLIMITED JURISDICTION


| | |
|---|---|
| PRISCILLA ROJAS, and Individual,<br><br>          Plaintiff,<br><br>     vs.<br><br><br>BASS & ASSOCIATES, AN<br>ARIZONA PROFESSIONAL<br>CORPORATION and DOES 1-20,<br>inclusive<br><br>          Defendants. | CASE NO.  BC 519731<br><br>**STIPULATION RE: DAMAGES** |

1    The plaintiff, Priscilla Rojas ("Plaintiff"), to this action, by and through her

2    undersigned counsel of record, hereby stipulates as follows:

3    The amount in controversy Plaintiff seeks in the above entitled action does not

4    exceed the sum of $75,000.00, exclusive of interest and costs.

5    IT IS SO STIPULATED.

6

7

8    DATED: November __, 2013          CRAIG S. BORISON

9

10                                     By: _____

11                                         Craig S. Borison
                                           Attorney for Plaintiff
12                                         Priscilla Rojas

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Gary A. Feess _____ and the assigned Magistrate Judge is _____ Jay C. Gandhi _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-cv-08862-GAF(JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 2, 2013
Date

By  APEDRO
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

UNITE ATES DISTRICT COURT, CENTRAL DISTRIC ALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Priscilla Rojas

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Bass & Associates, et al.

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Craig Borison (SBN 248387)
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
818-256-5449

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Tomio B. Narita (SBN 156576), R. Travis Campbell (SBN 271580)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010, San Francisco, CA  94104
415-283-1000

BY FA

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ Greater than $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Alleged violations of the California Rosenthal Fair Debt Collections Practices Act, CCP §1788, Invasion of Privacy Act, CPC §630, and Unfair Competition Law, CBPC §17200.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:  CV13-08862

CV-71 (11/13)  CIVIL COVER SHEET  Page 1 of 3

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes    [ ] No | [X] Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action?  [ ] Yes  [ ] No  If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?  (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question D,  below.  If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question D,  below.  If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western |

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  _[signature]_   DATE: December 2, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |